

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Paul T. Holt
County Attorney
Travis County
Austin, Texas

Dear Sir:                    Attention: Mr. Wm. Yelderman.

Opinion No. O-5710
Re:  If the city of Austin acquires
property at a delinquent tax sale
and the property is not redeemed
within the two year redemption
period, is the city of Austin or
a purchaser from the city of Austin
liable for the taxes subsequent to
the redemption period.

This office is in receipt of your letter of Nov. 13,
1943, wherein you advise that the city of Austin prior to the
enactment of Article 7345b of Vernon's Revised Civil Statutes,
1925, purchased property at a tax foreclosure sale, and the
redemption period expired without the owner exercising his
option of redemption. Neither the State nor the county were
made parties to the foreclosure suit. The city of Austin
now contemplates a sale of said property, and you request
an opinion on whether or not the city or a purchaser from
the city will be liable for taxes during the time the city
owned the property subsequent to the redemption period.

One other question was raised, which was answered
in an opinion by this department, No. O-5491, a copy of which
is attached.

Article 8, Section 2, of the Constitution provides
that "the Legislature may, by general law, exempt from taxa-
tion public property used for public purposes. . ."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

By Article 7150-4, Vernon's Revised Civil Statutes of 1925, the legislature exempted all public property from taxation without any limitation.

In the case of City of Abilene v. State, Court of Civil Appeals, 1937, 113 S. W. (2d) 631, Writ of Error Dismissed, the court held that the legislature was expressly denied the power to exempt public property from taxation regardless of its use. We therefore have no legislation exempting from taxation "public property used for public purposes" under Article 8, Sec. 2, of the Constitution.

Article XI, Section 9, of the Constitution of Texas, which is a provision for exemption of property from taxation and thus should be strictly construed, provides as follows:

"The property of counties, cities and towns, owned and held only for public purposes, such as public buildings and the sites thereof. Fire engines and the furniture thereof, and all property used, or intended for extinguishing fires, public grounds and all other property devoted exclusively to the use and benefit of the public shall be exempt from forced sale and from taxation; provided, nothing herein shall prevent the enforcement of a vendor's lien, the mechanic or builder's lien, or other liens now existing."

The clear import of the provision in the above article "owned and held only for public purposes," in the light of the examples given, would limit that portion of the article to property that was being actually used for one of the purposes enumerated or a similar purpose, or to property owned and held for such a use in the future. Therefore, this provision would not apply to property which the city has acquired by a foreclosure of its tax lien and continues to hold for an indefinite period of time.

The other portion of Article XI, Section 9, "and all other property devoted exclusively to the use and benefit of the public", would exempt the property under consideration from taxation if such property is devoted exclusively to the use and benefit of the public.

Our question then is one of determining when property is devoted exclusively to the use and benefit of the public under this provision of Article XI, Section 9.

Honorable Paul T. Holt, page 3

Under Article 1062, Vernon's Revised Civil Statutes, the city at a tax sale is vested with the same rights as any other purchaser at such sale would have acquired without any limitations or restrictions, and the city may sell or convey the property so acquired.

We have been unable to find any Texas authorities on the question submitted. Therefore, it becomes necessary to examine the decisions of other jurisdictions.

In the case of Shelby County v. McCanless, et al., 163 S. W. (2d) 63, Supreme Court of Tennessee, 1942, the tax status of property bought in by the state of Tennessee, the county of Shelby, or the city of Memphis at a delinquent tax sale is discussed at great length and includes most of the cases of other jurisdictions wherein this question has been considered by the courts.

The following quotations are from the above mentioned case:

". . . Article II, Section 28, of the Constitution provides: 'All property, real, personal or mixed, shall be taxed, but the Legislature may exempt such as may be held by the State, by counties, cities or towns and used exclusively for public or corporation purposes, * * *,'

"Code Section 1085 provides:

"'Exemptions enumerated.—The property herein enumerated shall be exempt from taxation:

"'(1) Public property.—All property of the United States, all property of the State of Tennessee, or any county, or of any incorporated city, town or taxing district in the state that is used exclusively for public county or municipal purposes.'

"The main inquiry in this case is, What is 'public use' within the meaning of the law?. . . No possible excuse can be offered for the State or any political subdivision thereof to delay its processes for the collection of taxes until the total amount so delinquent, including interest and penalties, becomes so large that there is little or no inducement for the property owner to exercise

Honorable Paul T. Holt, page 4

his right of redemption. . . . When the taxing unit
of government acquires it at a tax sale, it becomes
dead property until its resale, with the possibility
of acquiring some rentals during the period of owner-
ship. . . . If one piece of property may become dead
property because of the delay in the taxing authority
to compel payment of delinquent taxes, as we have
pointed out, any number may thus be swept from the
tax books to the injury of taxpayers generally.

". . .

". . . It will not be profitable to discuss in
detail the several opinions herein referred to, other
than to note the Courts' understanding of what consti-
tutes a 'public use'. In the Herkimer case, supra
(251 App. Div. 126, 295 N.Y.S. 634), the Court thus
defines 'public use'; '* * * that the property should
be occupied, employed, or availed of, by and for the
community at large, and implies a possession, occupation
and enjoyment by the public, or by public agencies.'
Citing Cooley on Constitutional Law, 7th Ed., page 766;
Gearin v. Marion County, 110 Or. 390, 223 P. 929, 933;
Fort Smith School District v. Howe, 62 Ark. 481, 485,
37 S. W. 717; Williams v. Lash, 8 Minn. 496.

"Following the Court's definition and understanding
of a 'public use', the issue is decided:

"'The property in question does not come within the
above definition of "public use." The mere fact that it
was bid in on a tax sale, and is held in trust for the
public in the hope of eventually getting enough from its
sale or use to pay the unpaid taxes, does not give the
owner immunity from sharing in the expense of the village
government.. . .'"

The opinion of this department is that the property
is taxable to the city of Austin subsequent to the redemption

APPROVED JAN 4, 1944

*[signature]*

ATTORNEY GENERAL OF TEXAS

JCA:AMM

ATTORNEY GENERAL OF TEXAS

By

*[signature]*

John C. Aycock
Assistant